# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

JONATHAN S. ABADY
MATTHEW D. BRINCKERHOFF
ANDREW G. CELLI, JR.
RICHARD D. EMERY
DEBRA L. GREENBERGER
DIANE L. HOUK
DANIEL J. KORNSTEIN
JULIA P. KUAN
HAL R. LIEBERMAN
ILANN M. MAAZEL
KATHERINE ROSENFELD
ZOE SALZMAN
SAM SHAPIRO
EARL S. WARD
O. ANDREW F. WILSON

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

VASUDHA TALLA

ERIC ABRAMS
NICK BOURLAND
HANNAH BRUDNEY
DANIEL M. EISENBERG
ARIADNE M. ELLSWORTH
SARA LUZ ESTELA
BIANCA HERLITZ-FERGUSON
LAURA S. KOKOTAILO
SONYA LEVITOVA
HAFSA S. MANSOOR
SANA MAYAT
VIVAKE PRASAD
MAX SELVER
EMILY K. WANGER
RACHAEL WYANT
SYDNEY ZAZZARO

December 17, 2024

**Via ECF**

   Re: *Beiner v. Moreno et al.*, Index No. 24-Civ-08600

Your Honor:

   This firm represents Plaintiff Nichole Beiner in the above-referenced matter. We write to explain why we filed her complaint under seal with only a redacted version on the public docket. Plaintiff is compelled to seek sealing because Defendants assert that a document discussed in the complaint is confidential pursuant to New York Judiciary Law § 90(10). Plaintiff disagrees with Defendants' position and opposes sealing: New York Judiciary Law § 90(10) is unconstitutional as applied here and the document in question is a judicial document. After Defendants have had the opportunity to respond, the Court should order Plaintiff to file her unredacted Complaint on the public docket.

   This case arises from an attorney grievance complaint that Plaintiff filed against non-party Professor M. Tracey Maclin after he sexually assaulted her when she was his law student. The complaint alleges that the New York State Attorney Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (the "Grievance Committee" or "Committee") violated the First Amendment when it refused to provide Plaintiff with access to its decision on her grievance complaint or any of its file, claiming all of these documents were confidential under New York Judiciary Law § 90(10).

   New York Judiciary Law **§** 90(10) provides that "all papers, records and documents … upon any complaint, inquiry, investigation or proceeding relating to the conduct or discipline of an attorney or attorneys, shall be sealed and be deemed private and confidential." Under this law, the Grievance Committee has historically denied grievance complainants access to documents generated in the grievance process and attempted to prevent individuals from displaying, publishing, or filing such documents.

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 2

The Honorable Victor Marrero, Southern District of New York, recently held in a highly analogous case that the Grievance Committee's refusal to allow public access to Committee decisions and other documents pursuant to New York Judiciary Law § 90(10) violates the First Amendment. *See Civ. Rts. Corps v. LaSalle*, No. 21-Civ-9128, 2024 WL 3496607, at *39 (S.D.N.Y. Jul. 22, 2024).

Notwithstanding Judge Marrero's clear and squarely applicable ruling, the Committee continues to assert that its decision in this case is confidential under New York Judiciary Law § 90(10).

As a result, out of an abundance of caution, Plaintiff's complaint here is filed with redactions applied to keep secret the Committee's decision. Because the Committee previously conceded that a plaintiff has a right to publish her own grievance complaint, *see Civ. Rts. Corps v. Pestana*, No. 21-Civ-9128, 2022 WL 2118191, at *7 (S.D.N.Y. June 13, 2022), those facts are not redacted in our filing here.

In the *Civil Rights Corps* case, the plaintiffs also initially sought, and were granted, leave to file under seal the exhibits to the complaint which included documents the Grievance Committee asserted were confidential. *See* Motion for Leave to File Case Under Seal, *Civ. Rts. Corps v. Pestana*, No. 21-mc-00792 (Oct. 27, 2021) ECF No. 3; *see* Order on Motion for Leave to File Case Under Seal, *id.* (Oct. 28, 2021) ECF No. 4. The plaintiffs then moved for, and were granted, leave to unseal these exhibits, before the Court adjudicated the merits of the case. *See* Endorsed Letter, *Civ. Rts. Corps v. Pestana*, No. 21-Civ-9128 (Nov. 9, 2021) ECF No. 9. In unsealing the exhibits to the complaint, Judge Marrero held that both the common law right of access and the constitutional right of access demanded the unsealing of these judicial documents. *See Civ. Rts. Corps v. Pestana*, No. 21-Civ-9128, 2022 WL 220020, at *5-6 (S.D.N.Y. Jan. 25, 2022).

The same reasoning applies here. Ms. Beiner's complaint is plainly a judicial document which the public has a right to access under the First Amendment and under the common law right of access. *See Pestana*, 2022 WL 220020, at *5-6; *see also Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016) ("We therefore hold that pleadings… are [j]udicial records subject to a presumption of public access."). Defendants cannot demonstrate that N.Y. Judiciary Law § 90(10) meets the high burden required to overcome the presumption of public access. *See Pestana*, 2022 WL 220020, at *6 ("Even if the Court had found Section 90(10) applicable, Defendants have not attempted to show that the statute is narrowly tailored to serve state law interests.").

This Court should follow the reasoning in *Civil Rights Corps* and order Ms. Beiner to file an unredacted copy of her complaint on the public docket.

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 3

Respectfully submitted,

/s/
Hal R. Lieberman
Zoe Salzman
Sydney Zazzaro