UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NICHOLE BEINER,

                Plaintiff,

                -against-                                        No. 24-cv-8600 (FB) (JAM)

ANGÉLICQUE M. MORENO, Chair of the State
of New York Grievance Committee for the
Second, Eleventh, and Thirteenth Judicial
Districts, in her official capacity, et al.,

                Defendants.
------------------------------------------------------------------X

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS OR, IN THE ALTERNATIVE, TO DISMISS THE COMPLAINT

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants*
28 Liberty Street
New York, New York 10005
(212) 416-8673

Yuval Rubinstein
Special Litigation Counsel,
   *of Counsel*

Date of Service: July 2, 2025

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| PRELIMINARY STATEMENT | | 1 |
| ARGUMENT | | 3 |
| I. | PLAINTIFF'S OPPOSITION FURTHER DEMONSTRATES THAT A STAY OF PROCEEDINGS IS WARRANTED | 3 |
| II. | THE COMPLAINT SHOULD BE DISMISSED ON SUBJECT-MATTER JURISDICTION GROUNDS AND ON THE MERITS | 7 |
| | A. Plaintiff's Claim is Not Ripe, and Plaintiff's Futility Argument is Meritless | 7 |
| | B. *O'Shea* Abstention Remains Warranted | 8 |
| | C. Plaintiff's First Amendment Claim is Deficient on the Merits | 9 |
| CONCLUSION | | 11 |

## TABLE OF AUTHORITIES

**Cases**                                                                                                     Page(s)

*Collins v. Miller*
    338 F. App'x. 34 (2d Cir. 2009). ........................................................................................10

*Courthouse News Service v. Corsones*,
    131 F.4th 59 (2d Cir. 2025). ............................................................................................5, 6

*CRC v. LaSalle*,
    741 F. Supp. 3d 112 (S.D.N.Y. 2024)................................................................................10

*Doe v. Sarah Lawrence Coll.*,
    453 F.Supp.3d 653 (S.D.N.Y. 2020).................................................................................10

*Hartford Courant Co. v. Pellegrino*,
    380 F.3d 83 (2d Cir. 2004)..................................................................................................9

*Hirschfeld v. Bd. of Elections in City of New York*,
    984 F.2d 35 (2d Cir. 1993)..................................................................................................5

*Liberty Cable Co., Inc. v. City of New York*,
    893 F.Supp. 191 (S.D.N.Y. 1995). ......................................................................................8

*McCrary v. Marks*,
    836 F. App'x 73 (2d Cir. 2021). ........................................................................................10

*New York C.L. Union v. New York City Transit Auth.*,
    684 F.3d 286 (2d Cir. 2012).................................................................................................4

*O'Shea v. Littleton*,
    414 U.S. 488 (1974)..................................................................................................2, 5, 8

*Torres v. Faxton St. Lukes Healthcare*,
    No. 16 Civ. 439, 2017 WL 11317906 (N.D.N.Y. Jan. 26, 2017). .......................................7

*Verizon New York Inc. v. Vill. Of Westhampton Beach*,
    No. 11 Civ. 213, 2013 WL 5762926 (E.D.N.Y. Oct. 18, 2013). ......................................4, 5

*In re Worldcom, Inc. Sec. Litig.*
    No. 02 Civ. 3288, 2004 WL 802414 (E.D.N.Y. Apr. 15, 2004)...........................................3

*Zherka v. Garland*,
    593 F.Supp.3d 73 (S.D.N.Y. 2022) ................................................................................ 9-10

*Zherka v. Bondi*,
    2025 WL 1618440 (2d Cir. June 9, 2025) ...................................................................... 9-10

**CONSTITUTIONS**

U.S. Const.
   amend. I ................................................................................................................ *passim*

**STATUTES**

N.Y. Jud. Law
   § 90 ...................................................................................................................... *passim*

**RULES**

Fed. R. Civ. P. 12(b)(1) .................................................................................................. 1, 8

Fed. R. Civ. P. 12(b)(6) .............................................................................................. 1, 9, 10

Defendants Angélicque M. Moreno, Presiding Justice Hector D. LaSalle, and David W. Chandler (collectively "Defendants"), by their attorney, Letitia James, New York State Attorney General, respectfully submit this reply memorandum of law in further support of their motion to stay proceedings pending the Second Circuit's decision in *Civil Rights Corps. et al. v. LaSalle, et al.*, No. 21 Civ. 9128 (S.D.N.Y.), No. 24-2251 (2d Cir.) ("*CRC*") or, in the alternative, to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## PRELIMINARY STATEMENT

Defendants established in their opening memorandum ("Memo.") that this case should be stayed pending the Second Circuit's forthcoming decision in *CRC*, as Plaintiff will not incur any undue prejudice, and awaiting the decision will conserve judicial resources and help ensure uniformity in this area of law. In addition, Plaintiff's claim is unripe, as Plaintiff did not file a good-cause application under Judiciary Law § 90(10) before filing suit. The Complaint should also be dismissed on abstention grounds under *O'Shea v. Littleton*, 414 U.S. 488 (1974), as a ruling in Plaintiff's favor will subject Defendants to case-by-case oversight by federal courts and require them to revamp the attorney grievance process. Moreover, the Complaint fails to state a plausible First Amendment right of access claim, as experience and logic do not support the public's unfettered access to the Committee's dispositions and other investigatory materials.

Plaintiff's opposition fails to articulate any compelling basis for proceeding with this case before the Second Circuit issues its decision in *CRC*. Plaintiff claims she has already been harmed by the former professor and should not have to wait any longer for a resolution of this case. Yet the delay that Plaintiff incurred is insufficient to deny the stay. Plaintiff also asserts that the Second Circuit's decision will not resolve this case by speculatively opining that Justice LaSalle's appeal in *CRC* will be unsuccessful, and that Defendants will continue litigating this case even if the Second Circuit affirms the district court. But Plaintiff discounts the likelihood that Justice LaSalle

will prevail in the appeal, and the Second Circuit's opinion will provide guidance to the Court and the parties in any event.

Plaintiff's attempt to establish subject-matter jurisdiction is also unavailing. Plaintiff erroneously claims that the September 4, 2024 letter issued by the Committee constitutes a denial of Plaintiff's request for information, even though the letter expressly referenced the good-cause application requirement in § 90(10). Plaintiff also claims that a good-cause application would have been futile, but Plaintiff cannot establish futility by speculating that her application will be denied based on the relative success of past applications in other, unrelated cases. Moreover, Plaintiff's attempt to downplay the widespread effects of a potential ruling in her favor fails to overcome the compelling grounds for *O'Shea* abstention articulated by Defendants.

With respect to the merits of Plaintiff's First Amendment claim, Plaintiff's opposition attempts to have it both ways by relying heavily upon the district court's summary judgment decision in *CRC*, while ignoring that the *CRC* court held that the Committee has an important investigative function and shielded many of the Committee's documents from public disclosure. Plaintiff's evidentiary objections to Defendants' experience-and-logic analysis are meritless, and the history cited by Plaintiff involving attorney disbarment proceedings is irrelevant to the Committee's review process, which has long remained private. The Court should therefore grant Defendants' motion and issue a stay of proceedings or, in the alternative, dismiss the Complaint with prejudice.

**ARGUMENT**

I.  **PLAINTIFF'S OPPOSITION FURTHER DEMONSTRATES THAT A STAY OF PROCEEDINGS IS WARRANTED**

Defendants argued that the Court should issue a stay of proceedings pending the Second Circuit's forthcoming decision in *CRC*, as each of the five stay factors weighs decisively in their favor. Memo. at 12-15. First, Plaintiff will not incur any prejudice, as Plaintiff is *already* aware of the Committee's disposition of her grievance, and merely seeks to learn the basis for the disposition. *Id.* at 13. The remaining stay factors also weigh heavily in their favor, as the Second Circuit's forthcoming decision in *CRC* will conserve resources as well as provide guidance to the Court. *Id.* at 14-15. Defendants also have an important interest in not proceeding under a patchwork of federal court decisions on a statewide issue.

Plaintiff's opposition further demonstrates that she will not incur any prejudice if this case is stayed. Plaintiff asserts that, because she is entitled to a "speedy resolution" of her case, any delay in proceedings is thus prejudicial. *See* Plaintiff's Memorandum of Law in Opposition ("Opp.") at 5. But it is well-settled that delay alone does not establish prejudice to deny a stay of proceedings. *See* Memo. at 14 (citing cases).[1]

Moreover, Plaintiff contends that it "took time" for her to formally complain about the professor's alleged actions, and therefore Plaintiff should not have to wait any longer to reach a resolution of this case. Opp. at 5-6. But any harm the professor caused Plaintiff several years ago does not establish that Plaintiff will be unduly prejudiced if she must wait to receive the

---

[1]  Plaintiff cites *In re Worldcom. Inc. Sec. Litig.*, No. 02 Civ. 3288, 2004 WL 802414 (S.D.N.Y. Apr. 15, 2004), which involved a request for a partial stay of discovery based upon an overlapping criminal case, and applied a stay analysis that is inapplicable to this case.

Committee's underlying reasons for its disposition.[2] In addition, any emotional harm Plaintiff experienced is distinct from the constitutional harm Plaintiff now alleges. In short, the Court's resolution of Plaintiff's First Amendment right of access claim will not redress that past harm.

Plaintiff also maintains that the prejudice is greater here than in the "typical case" because she is seeking prospective relief for a violation of her First Amendment right to access documents. Opp. at 6. But the cases Plaintiff cites do not lend any support to this argument.[3] Nor are Defendants aware of any case within this Circuit holding that the five-factor analysis governing a stay of proceedings is applied differently in the First Amendment context.

Plaintiff's arguments regarding the second and third stay factors are also meritless. Plaintiff contends that Defendants will continue to litigate this case even if the Second Circuit affirms the district court's decision in *CRC*. Opp. at 7. Plaintiff cites to the September 4, 2024 letter to Plaintiff's counsel from then-Committee Chair Andrea Bonina, which noted that the materials Plaintiff requested went beyond the declaratory relief ordered in *CRC*. *Id.* Plaintiff, however, discounts the likelihood that the Second Circuit will rule in Justice LaSalle's favor in *CRC*, which may be dispositive of this lawsuit. Memo. at 15. Even if the Second Circuit does not vacate in full the district court's decision, a stay remains warranted because the opinion will likely provide guidance to the Court regarding the contours of any First Amendment right of public access regarding Committee dispositions and the Committee process. *Id.*

Plaintiff also claims that she will be able to continue litigating this case even if the Second Circuit rules in Justice LaSalle's favor because she is the "actual complainant," and thus possesses

---

[2] Plaintiff lacks any right to review the Committee's disposition in any case.

[3] In *New York C.L. Union v. N.Y.C. Transit Auth.*, 684 F.3d 286 (2d Cir. 2012), the Second Circuit applied the four factors governing a preliminary injunction motion, while *Verizon New York Inc. v. Vill. of Westhampton Beach*, No. 11 Civ. 213, 2013 WL 5762926 (E.D.N.Y. Oct. 18, 2013) similarly applied the factors set forth in *Nken v. Holder*, 556 U.S. 418 (2009), pertaining to a stay pending appeal.

4

a stronger First Amendment claim than the *CRC* plaintiffs. Opp. at 7. But Plaintiff's complainant status is immaterial to the merits of her First Amendment claim seeking a *public* right of access, and Plaintiff fails to cite any authority establishing that she possesses a stronger First Amendment claim as the "actual complainant." Plaintiff's argument that Defendants have already expended resources by briefing this motion (Opp. at 7-8) is meritless given that Plaintiff has opposed Defendants' motion and maintains that the proceedings in this case should continue.

In addition, Plaintiff contends that the Court has an interest in allowing this case to proceed because Defendants cannot establish a likelihood of success on their appeal in *CRC*. Opp. at 8. But Plaintiff's citations to *Verizon New York* and *Hirschfeld v. Bd. of Elections in City of New York*, 984 F.2d 35 (2d Cir. 1993), are misplaced for the reasons noted above. Both decisions applied the four-factor analysis governing a stay pending appeal in the same case—including the moving party's likelihood of success on the merits—which is inapplicable to the stay analysis in this case.[4] It also makes little sense to require Defendants to show a likelihood of success on the merits in *CRC* because that decision will provide controlling guidance on the exact questions presented here.

Moreover, Plaintiff's speculation regarding the outcome in *CRC* is irrelevant to the stay analysis, and Plaintiff's arguments (which are limited to Justice LaSalle's abstention argument and not the merits) are also baseless. First, Plaintiff points to the Second Circuit's recent decision in *Courthouse News Service v. Corsones*, 131 F.4th 59 (2d Cir. 2025), concerning Vermont's policy of briefly delaying the public release of newly filed civil complaints, and the rejection of its *O'Shea* abstention argument. Opp. at 8-9. But Vermont's ministerial recordkeeping policy at issue in

---

[4] Defendants contend that Justice LaSalle's arguments before the Second Circuit in *CRC* are meritorious for the reasons stated in the Second Circuit briefing. *See* 2d Cir. ECF Nos. 25, 49. Indeed, the New York State Bar Association has filed an *amicus* brief before the Second Circuit urging the vacatur of the district court's decision. 2d Cir. ECF No. 29. However, Defendants need not establish a likelihood of success on the merits in the *CRC* appeal to obtain a stay of proceedings in *this* case because, among other reasons, the Second Circuit's decision in *CRC* will provide this Court critical guidance regardless of whether Justice LaSalle prevails.

*Corsones* is far different than New York longstanding confidentiality rule set forth in Judiciary Law § 90(10), as Justice LaSalle noted in his March 26, 2025 reply. *See* 2d Cir. ECF No. 49, at 12-13. The civil complaints at issue in *Corsones* were also destined to be made public with redactions, and the narrow First Amendment right of access issue before the Second Circuit was merely one of timing. 131 F.4th at 69. In addition, the Second Circuit vacated the district court's injunction in *Corsones* to allow Vermont to develop new pre-access screening processes. *Id.* at 75-76. By contrast, the district court's decision in *CRC* directly interfered with the substantive decision-making of New York courts as well as the Committee.

Plaintiff also notes that Justice LaSalle did not request a "stay of the enforcement of Judge Marrero's holding" in *CRC*. Opp. at 8. But Justice LaSalle had no need to seek a stay pending appeal. The district court's order only granted declaratory relief, and the plaintiffs in *CRC* did not move to enforce the declaratory judgment or otherwise object to maintaining the status quo pending appeal. If they had, Justice LaSalle would have sought a stay. Accordingly, Justice LaSalle's decision to not seek a stay in no way reflects upon the merits of the appeal. And Plaintiff's suggestion that Justice LaSalle is in contempt of the district court's order is entirely baseless and mischaracterizes the procedural posture of that case. *Contra* Opp. at 9, 10.

Finally, Plaintiff maintains that the Committee should not be allowed to continue withholding documents from the public and other complainants, and that Plaintiff's lawsuit should proceed "without delay." Opp. at 10. Plaintiff fails to allege that the Committee is currently withholding dispositions and materials from other complainants in the first place. But in any event,

the same interest in the conservation of judicial resources applies to the public and third parties. Memo. at 15.[5]

Because Plaintiff's opposition fails to demonstrate any compelling basis for proceeding with this lawsuit before the Second Circuit renders its decision in *CRC*, the Court should grant Defendants' stay request.

## II. THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION AND ON THE MERITS

### A. Plaintiff's Claim is Not Ripe, and Plaintiff's Futility Argument is Meritless

Plaintiff's First Amendment claim is not ripe, both constitutionally and prudentially, because no government entity has denied Plaintiff's request for the Committee's disposition and underlying materials in response to a good-cause application submitted under § 90(10). Indeed, the Complaint does not allege that Plaintiff ever submitted the statutorily-required application prior to filing suit. Memo. at 16-18. Plaintiff argues in response that the September 4, 2024 letter from Bonina constitutes a government denial of Plaintiff's request. Opp. at 12. But Plaintiff mischaracterizes the letter. In response to Plaintiff's reliance upon the district court's decision in *CRC*, Bonina noted that the documents Plaintiff requested went beyond the declaratory relief ordered in *CRC*, and also noted the decision was being appealed. *See* Salzman Decl. Ex. 1. But Bonina also emphasized that the requested documents remain sealed and confidential "subject to an unsealing order premised upon a showing of good cause." *Id.* Accordingly, Bonina's letter does not constitute a refusal to provide Plaintiff the requested documents pursuant to the good-cause provision of § 90(10) and its implementing regulations.

---

[5] The case Plaintiff cites, *Torres v. Faxton St. Lukes Healthcare*, No. 16 Civ. 439, 2017 WL 11317906 (N.D.N.Y. Jan. 26, 2017) involved a stay of discovery pending an interlocutory appeal challenging the denial of qualified immunity, and is thus inapposite.

7

Plaintiff nonetheless maintains that any good-cause application would have been futile. Opp. at 12. But Plaintiff fails to allege any supporting facts, and merely cites to the district court's determination in *CRC* that three good-cause applications from the public have been granted since 1945. ECF No. 13, at 37, n. 3; Opp. at 12. However, Justice LaSalle emphasized in his appellate brief that the district court's determination was erroneous given that few good-cause applications have been filed by members of the public in the first place. *See* 2d Cir. ECF No. 25, at 39. For example, over the past ten years, the Second Department has received an average of only sixteen good-cause applications per year. *Id.*[6] Most of the applications sought orders permitting disclosure to law enforcement. *Id.* at 23. In sum, Plaintiff's speculative assertion that a good-cause application would have been futile is insufficient to establish constitutional and prudential ripeness.

### B. *O'Shea* Abstention Remains Warranted

The Court should abstain from deciding Plaintiff's First Amendment claim under *O'Shea v. Littleton*, 414 U.S. 488 (1974), as Plaintiff's sweeping request for "any and all records" pertaining to the Committee's proceeding would subject the Committee to intrusive case-by-case supervision in future cases, and require federal courts to engraft new procedures upon New York's longstanding attorney discipline process. Memo. at 18-21. Plaintiff argues in response that the relief she seeks is different than the relief sought in *O'Shea* and the Second Circuit decisions Defendants cite, as Plaintiff is only seeking a ruling that § 90(10) is unconstitutional as applied to her. Opp. at 14-15. But Plaintiff's attempt to downplay the effects of a ruling in her favor is unconvincing.

---

[6] The Court may take judicial notice of these undisputed statistics contained in the *CRC* record in addressing Defendants' ripeness argument under Rule 12(b)(1). *See, e.g., Liberty Cable Co., Inc. v. City of New York*, 893 F.Supp. 191, 199 n.11 (S.D.N.Y. 1995) (proper to take into account "affidavits and various materials outside the pleadings" in resolving ripeness argument on motion to dismiss).

8

Plaintiff does not dispute Defendants' contention that her First Amendment claim does not turn upon any case-specific factors. Memo. at 19. Thus, if Plaintiff establishes the predicate for a First Amendment right of access to the Committee's dispositions and underlying materials, future complainants would likely cite the Court's decision as precedent, just as Plaintiff relies heavily upon the recent *CRC* decision. Memo. at 15. Although Plaintiff claims she is not asking this Court to order Defendants to enact any changes in conducting investigations or levying discipline (Opp. at 16), the *stare decisis* effect of a decision in her favor would likely lead to that very result. Memo. at 19. Based upon the principles of comity and federalism articulated in *O'Shea*, the Court should dismiss Plaintiff's First Amendment claim on abstention grounds.

### C. Plaintiff's First Amendment Claim is Deficient on the Merits

Plaintiff alleges that she possesses a First Amendment right to access to "any and all records and proceedings" relating to Plaintiff's Committee grievance. ECF No. 13, Prayer for Relief, ¶ (a) – (b). Defendants, however, established that history and logic do not support a public right of access to the Committee's documents. Memo. at 23-25. Indeed, there is a long national tradition of keeping these materials private based upon the Committee's unique investigatory and prosecutorial role, and most States follow the same practice. Moreover, the confidentiality of these materials is essential to protecting the integrity of the investigative process. *Id.*

Plaintiff's opposition offers no competing historical narrative. Plaintiff asserts that "attorney disbarment proceedings were public affairs" by the late nineteenth and early twentieth century, and selectively quoting from the *CRC* decision. Opp. at 11. But the district court's determination was erroneous because the history of public access to *formal* disciplinary proceedings has no bearing upon the antecedent Committee review process, which has been private since its inception. *See* 2d Cir. ECF No. 25, at 56-57.

9

Plaintiff also argues that Defendants cannot attach historical statutes and legislative history in support of their Rule 12(b)(6) motion to dismiss. Opp. at 10-11. But Plaintiff's evidentiary objection is meritless. Whether a First Amendment presumptive right of access attaches is a question of law that can be resolved on a motion to dismiss, *see, e.g., Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004), and Plaintiff does not dispute the accuracy of Defendants' historical evidence. *Zherka v. Garland*, 593 F. Supp. 3d 73, 75 n.3 (S.D.N.Y. 2022), *aff'd sub. nom., Zherka v. Bondi*, 2025 WL 1618440 (2d Cir. June 9, 2025) ("The Court…takes judicial notice of…legislative histories, which is permissible on a Rule 12(b)(6) motion.").[7]

The Complaint also fails to plead sufficient facts to justify the relief requested. The *CRC* plaintiffs "limit[ed] their request to Committee dispositions[.]" *CRC v. LaSalle*, 741 F. Supp. 3d 112, 163 (S.D.N.Y. 2024). Plaintiff, however, demands that "all records and proceedings" relating to her Committee complaint be made public. ECF No. 13, ¶ 55. But Plaintiff does not make a showing that the experience-and-logic test justifies a First Amendment right of access to the broad swath of materials Plaintiff seeks, which go far beyond the materials at issue in *CRC* and involve additional aspects of the Committee's decision-making process. Memo. at 24, n. 31. In addition, the internal Committee documents that Plaintiff requests contain confidential and potentially privileged information. Plaintiff attempts to piggyback off the district court's summary judgment decision in *CRC*. ECF No. 13, ¶¶ 48-51; Opp. at 17. But Plaintiff's attempt to incorporate by reference the *CRC* decision is insufficient.

Plaintiff responds that she "need only allege that she sought documents and that the government denied her access to those documents" to state a plausible First Amendment right of

---

[7] Plaintiff cites to *Doe v. Sarah Lawrence Coll.*, 453 F. Supp. 3d 653 (S.D.N.Y. 2020), where the defendant attached letters, emails, and a student handbook in support of its motion to dismiss. *Doe* is clearly distinguishable, as Defendants are only attaching historical records that are not in dispute.

access claim. Opp. at 17. But the decisions Plaintiff cites do not support this assertion. In *McCrary v. Marks*, 836 F. App'x 73, 73-74 (2d Cir. 2021) and *Collins v. Miller*, 338 F. App'x. 34, 36 (2d Cir. 2009), the Second Circuit affirmed the dismissal of the plaintiffs' First Amendment right of access claims for failure to allege, as a threshold matter, that they were denied access to documents. Neither decision holds, nor even suggests, that a plaintiff need *only* allege the denial of access to documents to state a plausible claim.

## CONCLUSION

For the foregoing reasons and the reasons stated in the opening memorandum, Defendants respectfully request that this Court stay proceedings pending the Second Circuit's decision in *CRC* or, in the alternative, dismiss the Complaint with prejudice, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 2, 2025

Respectfully submitted,

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants*

By:

  */s/Yuval Rubinstein*
Yuval Rubinstein
Special Litigation Counsel
28 Liberty Street
New York, New York 10005
(212) 416-8673
yuval.rubinstein@ag.ny.gov

11

# CERTIFICATION

In accordance with Rule 7.1(c) of the Local Rules of the Southern and Eastern Districts of New York, I hereby certify that the Reply Memorandum of Law in Further Support of Defendants' Motion to Stay Proceedings or, in the Alternative, to Dismiss the Complaint contains 3, 393 words, exclusive of the caption, table of contents, table of authorities, and signature block, as established using the word count function of Microsoft Word.

                                           \_\_\_\_/s/_____
                                           Yuval Rubinstein