

August 12, 2026

<u>**Via ECF**</u>
Honorable Frederic Block
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Beiner v. Moreno, et al.*, 24 Civ. 8600 (FB) (JAM)

Dear Judge Block:

The Office of the New York State Attorney General ("OAG") represents defendants Presiding Justice Hector D. LaSalle, Angélicque M. Moreno, and David W. Chandler (collectively "Defendants"), each sued in their official capacity, in the above-captioned action. Defendants write to briefly respond to Plaintiff Nichole Beiner's ("Plaintiff") August 7, 2026 letter concerning the Second Circuit's July 29, 2026 decision in *Civil Rights Corps. et al. v. LaSalle*, No. 21-cv-9128 (SDNY), No. 24-2252 (2d Cir.) ("*CRC*"). ECF No. 31. Plaintiff asks the Court to lift the stay entered by the Court on February 10, 2026, deny Defendants' motion to dismiss, and order Defendants to answer the complaint within 14 days.

Plaintiff maintains that the Second Circuit's decision rejected the "exact arguments" Defendants make in this case. ECF No. 31 at 2. But Plaintiff is incorrect: Defendants were careful to note in their motion to dismiss that Plaintiff's request for "any and all records and proceedings" relating to her grievance was "even broader than the relief requested by the plaintiffs in *CRC*[.]" ECF No. 26 at 24, n.31. Indeed, the Second Circuit did not hold in *CRC* that a First Amendment right of access existed for all documents underlying the Grievance Committee's final disposition. In fact, the Second Circuit contrasted the Committee's "dispositions" with its "preparatory" and "internal work," which remain confidential and are not open to the public. *See CRC* Opinion at 61-62. Accordingly, Plaintiff now rightly concedes that she is "willing to limit the scope of her relief to the Committee's Letter of Admonition." ECF No. 31 at 2, n. 2.

Whether there is a presumptive right of access to the Grievance Committee's final disposition is controlled by the Second Circuit's decision in *CRC*. However, Justice LaSalle and his counsel are currently engaging in discussions and deliberations about whether to petition for Supreme Court review of the Second Circuit's decision. Accordingly, the parties in *CRC* have jointly requested that the court suspend the briefing schedule on the plaintiffs' motion for attorneys' fees and costs in that case—and otherwise hold the matter in abeyance—pending the filing and determination of a petition for a writ of certiorari or until such time that Justice LaSalle decides not to seek Supreme Court review. *CRC*, ECF No. 225.

       Defendants request that the Court similarly extend the stay entered on February 10, 2026 pending this determination. In the event the Court does not extend the stay, Defendants respectfully request 21 days from the date of the Court's order to determine whether to maintain the motion to dismiss and/or answer the Complaint.

       Defendants thank the Court for its consideration of this request.

               Respectfully submitted,


               /s/_____

               Yuval Rubinstein
               Assistant Attorney General
               Attorney for Defendants