# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

JONATHAN S. ABADY
MATTHEW D. BRINCKERHOFF
ANDREW G. CELLI, JR.
RICHARD D. EMERY
DEBRA L. GREENBERGER
DIANE L. HOUK
DANIEL J. KORNSTEIN
JULIA P. KUAN
HAL R. LIEBERMAN
ILANN M. MAAZEL
KATHERINE ROSENFELD
ZOE SALZMAN
SAM SHAPIRO
VASUDHA TALLA
EARL S. WARD
O. ANDREW F. WILSON

ATTORNEYS AT LAW
ONE ROCKEFELLER PLAZA
8TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

DANIEL M. EISENBERG

CLAIRE Z. ABBADI
ERIC ABRAMS
NICK BOURLAND
HANNAH BRUDNEY
SARA LUZ ESTELA
ALBERT HUBER*
LAURA S. KOKOTAILO
HAFSA S. MANSOOR
SANA MAYAT
ADAM NASSER
VIVAKE PRASAD
MAX SELVER
MAGGIE TURNER
EMILY K. WANGER
RACHAEL WYANT
SYDNEY ZAZZARO

August 12, 2026

***Via ECF***

Hon. Frederic Block
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    *Re:*  *Beiner v. Moreno et al.*, Index No. 24-Civ-08600

Dear Judge Block:

    We represent Plaintiff Nichole Beiner in the above-referenced matter. We write in further support of our August 7, 2026 letter to the Court and in response to Defendants' August 12, 2026 letter. *See* ECF Nos. 31-32.

    Staying this case while Defendants contemplate whether to attempt another appeal is unreasonable and unprecedented. Courts in this Circuit have held that awaiting the outcome of a petition for certiorari that has already been filed is not grounds for a stay. *Flores v. Nat'l Football League*, No. 22 Civ. 871 (VEC), 2026 WL 407884, at *3 (S.D.N.Y. Feb. 13, 2026); *see also Haelan Lab'ys, Inc. v. Topps Chewing Gum, Inc.*, 202 F.2d 866, 870 n.6 (2d Cir. 1953) (denying motion for a stay "pending action by the Supreme Court on a petition for certiorari"). The natural—and only—conclusion stemming from those cases is that merely considering whether to file a petition for certiorari with the Supreme Court also does not justify a stay.

    The weighing of prejudices similarly does not warrant a stay, especially in light of the Second Circuit's clear ruling. Ms. Beiner, the Court, the public, and other complainants in the attorney grievance process share an interest in allowing this case to proceed. Defendants paint this request as a mere stay of proceedings. But in reality and truth, Defendants are asking this

---

\* Albert Huber: admitted only in Florida.

Court to allow the Attorney Grievance Committee to continue to violate individuals' First Amendment rights. Every day that the Committee denies Ms. Beiner access to the Letter of Admonition, Defendants compound her First Amendment injury. *See Va. Hosp. Ass'n v. Baliles*, 868 F.2d 653, 663 (4th Cir. 1989) (holding continued enforcement of an unconstitutional statute constituted an ongoing constitutional violation). Permitting Defendants to continue skirting their constitutional duty solely based on the possibility that Defendants may petition for certiorari will not only cause further harm to Ms. Beiner; it will also sow confusion with the public and other complainants seeking to enforce their rights, and it will needlessly stall this case.

Notably, Defendants are not prejudiced absent a stay. Plaintiff narrowed her relief sought in this case to a single document. There will be no discovery. Defendants have not, and cannot, articulate any prejudice to them absent a stay. *See Rankine v. Levi Strauss & Co.*, 674 F. Supp. 3d 57, 69 (S.D.N.Y. 2023) (denying motion for a stay when defendant failed to prove its purported prejudice in continuing with case outweighed prejudice to plaintiff in delaying case). Additionally, Defendants did not articulate why the Supreme Court is likely to grant certiorari, further evidencing their lack of conviction that they will succeed. The Second Circuit made a clear ruling and "[u]ntil and unless the Supreme Court weighs in, [] this Court must act in accordance with the controlling law of the Second Circuit." *Flores*, 2026 WL 407884, at *3.

Because the Second Circuit's ruling is now the governing law and because Defendants cannot articulate any material prejudice absent a stay, this Court should deny Defendants' request for a stay.

Sincerely,

Zoe Salzman
Hal R. Lieberman
Sydney Zazzaro

c.      All counsel of record