ECBAWM
EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL

*New York Office*
One Rockefeller Plaza
8th Floor
New York, New York 10020

*California Office*
1816 Fifth Street
Berkeley, California 94710

Tel: (212) 763-5000
Fax: (212) 763-5001
www.ecbawm.com

September 29, 2026

***Via ECF***

Hon. Frederic Block
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*Re:* *Beiner v. Moreno et al.*, Index No. 24-Civ-08600

Dear Judge Block:

We represent Plaintiff Nichole Beiner in the above-referenced matter. We write in opposition to Defendants' September 28, 2026 letter to the Court and to renew our August 7, 2026 letter request to lift the stay in this case. *See* ECF Nos. 31, 34.

Defendants are not entitled to a further stay in this case because they are going to petition the Supreme Court for certiorari in the *Civil Rights Corps* case. *See Flores v. Nat'l Football League*, No. 22 Civ. 871 (VEC), 2026 WL 407884, at *3 (S.D.N.Y. Feb. 13, 2026) (denying motion to stay pending petition for certiorari); *see also Consumer Fin. Prot. Bureau v. Manseth*, No. 22 Civ. 29 (LJV), 2024 WL 805628 (W.D.N.Y. Feb. 26, 2024) (denying motion to stay despite defendants' interest in avoiding unnecessary litigation costs when other facts weighed against stay). Tellingly, Defendants do not cite any cases granting a stay pending the outcome of a petition for certiorari in either of their letter submissions. *See* ECF Nos. 32, 34.

The balance of the equities here require the current stay to be lifted. Second Circuit precedent on the issue of public access to attorney grievance dispositions is now clear: Defendants violated the First Amendment by refusing Ms. Beiner access to its disposition in her grievance against Professor Maclin, the lawyer and professor who sexually assaulted her. *See Civ. Rts. Corps v. LaSalle*, 184 F.4th 104, 129 (2d Cir. 2026). Ms. Beiner, the Court, the public, and other complainants in the attorney grievance process share an interest in stopping Defendants' continued unconstitutional behavior. Defendants have not even tried to argue they would be prejudiced absent a stay, since Plaintiff only seeks a single document (the letter of admonition issued to Maclin) and there will be no discovery.

This Court should deny Defendants' request for a further stay and "act in accordance with the controlling law of the Second Circuit" and deny Defendants' motion to dismiss. *Flores*, 2026 WL 407884, at *3.

Respectfully submitted,

/s/

Zoe Salzman
Hal. R. Lieberman
Sydney Zazzaro

c. All counsel of record